J-S18004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW D. PESHEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IVONA D. PERCEC | : | No. 134 EDA 2021 |

Appeal from the Order Dated December 3, 2020
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): No. 0C1601311

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 13, 2021**

Appellant ("Father") appeals from the final custody order entered on December 3, 2020, which resolved all outstanding petitions between Father and Appellee ("Mother"), including Father's petition to modify, petitions for contempt, and petition for the appointment of a parenting coordinator. We affirm.[1]

The trial court summarized the lengthy, contentious, procedural history of this case:

> The parties are a formerly married couple who are both medical doctors. They are the parents of two children, [A.], born

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note the parties are involved in a separate appeal from a subsequent modification of the custody order at issue in this appeal. **See** 1088 EDA 2021. This memorandum is confined to the custody order as entered on December 3, 2020.

November ... 2005, and [I.], born December ... 2007. A final order entered on February 1, 2018, awarded shared legal custody, primary physical custody of both children to []Mother during the school year, partial physical custody to Father during the school year, and during the summer 50/50 shared physical custody, taking into account the children's camp schedules and summer activities.

Two months later the parties were again in litigation. Father filed an emergency petition on April 6, 2018, a petition to modify on April 12, 2018, a petition for contempt and a petition for expedited relief on April 30, 2018. Mother filed a petition to modify and a petition for emergency relief on June 7, 2018. A temporary order was entered on June 15, 2018, delineating a schedule for the summer of 2018 and reverting to the physical custody schedule set forth in the order of February 1, 2018 as of September 4, 2018.

On December 20, 2018, the court entered a temporary order modifying the February 1, 2018 order, awarding shared physical custody and continuing the case for a semi-protracted hearing. Several intervening petitions were filed by each party. An order was entered on April 12, 2019, addressing the summer 2019 schedule, and an order was entered on May 30, 2019, for the children to receive treatment with an identified therapist. Father filed a petition for contempt on November 12, 2019. Ultimately, the matter was scheduled for a protracted hearing on October 19, 2020.

Father filed a petition for contempt on August 24, 2020, and a petition for an emergency hearing on September 14, 2020. By order dated September 22, 2020, counsel for the parties agreed that the emergency petition would be consolidated with the pending petitions scheduled for hearing on October 19, 2020. Additionally, Father filed a petition for special relief seeking the appointment of a parenting coordinator on October 8, 2020.

The court conducted a virtual trial on October 19, 2020, and November 12, 2020, in accordance with judicial protocols established as a result of the COVID-19 pandemic. On November 12, 2020, Father withdrew the petition for contempt filed on April 30, 2018, and the court held under advisement Father's petition to modify filed on April 12, 2018, and his petition for special relief seeking the appointment of a parenting coordinator filed on

October 8, 2020. These petitions subsumed all of the issues contained in the other then-outstanding petitions.

Trial Court Opinion, 1/21/2021, at 1-3 (footnote omitted). On December 3, 2020, the trial court issued an order awarding shared legal custody of both children, year-round shared physical custody of I., primary physical custody of A. to Mother during the school year, and shared physical custody of A. during the summer. This timely appeal followed.

Father raises four issues on appeal.

1. Did the Trial Court err and/or abuse its discretion in failing to consider evidence of Mother's campaign to alienate the children from Father when granting her primary physical custody of [A.] throughout the school year?

2. Did the Trial Court err and/or abuse its discretion by failing to consider the context in which [A.'s] *in camera* interview was given when weighing such evidence for a custody determination?

3. Did the Trial Court err and/or abuse its discretion by failing to grant Appellant's petition for special relief to appoint a parenting coordinator, given the chronic high conflict nature of the case?

4. Did the Trial Court err and/or abuse its discretion by failing to sanction Mother for her numerous violations of the previous Custody Order?

Appellant's Brief, at 5.

"Our standard of review over a custody order is for a gross abuse of discretion." **Yates v. Yates**, 963 A.2d 535, 538 (Pa. Super. 2008) (citation omitted). Such an abuse of discretion will only be found if the "trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment

which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record." **Id**.

Further, in reviewing a custody order:

We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**Klos v. Klos**, 934 A.2d 724, 728 (Pa. Super. 2007) (citation omitted). As with any custody matter, the paramount concern is the best interests of the children involved. **See id**.

Father first argues the trial court abused its discretion in failing to consider evidence of Mother's campaign to alienate the children from Father in its decision to grant Mother primary physical custody of A. during the school year. This claim is without merit.

When ascertaining the best interests of a child in a custody matter, the court must conduct a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of that child. **Klos**, 934 A.2d at 728. Accordingly, Section 5328(a) of the Pennsylvania Child Custody Act lists 16 factors a court is required to consider

in order to determine the best interests of the child. *See* 23 Pa.C.S.A. § 5328(a).

Here, the trial court addressed each of these factors in its custody order, as required by Section 5328(a). *See* Order, 12/3/2020, at 3-7. In discussing each factor, the court made a determination as to whether that factor weighed in favor of either party, and explained its reasoning either way. *See id*.

Of relevance to the instant appeal, in discussing the above factors, the trial court clearly acknowledged Mother's behavior and its effect on A.'s relationship with Father.

> Factor (8) The Attempts of a Parent to Turn the Children Against the Other Parent, Except in Cases of Domestic Violence Where Reasonable Safety Measures are Necessary to Protect the Children from Harm.
>
> Mother's permitting [A.] to engage in his own decision-making as to his contact with Father has resulted in [A.'s] recent rejection of Father's attempts to maintain a relationship and has led to [A.] beginning to turn against Father. Mother testified that she believes that the conflict between [A.] and Father is strictly between the two of them to work out by themselves.
>
> Factor (1) Which Party is More Likely to Encourage and Permit Frequent and Continuing Contact Between the Children and Another Party.
>
> This factor favors Father. Mother does not encourage [A.] to see Father. The evidence established that Mother permits [A.] to engage in his own decision-making as to the contact he will maintain with Father. Mother has permitted [I.] to see Father pursuant to the existing court order of shared physical custody. There is no evidence of Father failing to encourage or permit frequent contact between either child with Mother.

Order, 12/3/2020, at 4-5 (unnecessary capitalization omitted).

After considering "the testimony of the parties and witnesses, interviewing the children, reviewing the documents and evidence presented, assessing the credibility of the parties, witnesses, and children, and considering all relevant factors pursuant to 23 Pa.C.S. Section 5328(a)" the court entered a final custody order that it determined, in its discretion, was in the best interest of the children. ***See*** Order, 12/3/2020, at 1.

While the court found the above two factors weighed in favor of Father, the court chose to afford more weight to other factors, including A.'s stated preference in his testimony, in deciding to place primary custody of A. with Mother during the school year. ***See id***. at 4. The court found A. expressed a well-reasoned preference to live with Mother during the school year based on the proximity of Mother's home to his school, friends, and after-school activities. ***See id***. Based on the court's observations of A., and giving consideration to his age, maturity, and judgment, the court afforded significant weight to A.'s preferences.

Father's contention that the custody court did not consider these factors at all is belied by the court's opinion and order. The court heard the testimony and acknowledged that Mother was not actively supporting Father's visitation rights. However, the court placed more weight on A.'s stated preference for living near his school and friends. To conclude the court abused its discretion, we must do more than disagree with the court's findings and conclusions. Instead, we must find that the court's findings and conclusions were

manifestly unreasonable. As we cannot conclude the court abused its discretion in placing more weight on A.'s preferences than on Mother's obstructive behavior, Father's first issue on appeal merits no relief.

Next, Father alleges the trial court abused its discretion by failing to consider the context in which the *in-camera* interview of A. was performed. Specifically, Father argues the court could not have understood A.'s responses to the interview without taking into consideration the fact that the interview was performed in Mother's home.

We are constrained to find Father has waived this issue. It was clear to all parties at trial that all interviews, as well as all custody hearings, would be conducted virtually, using RingCentral - a court-provided technology, due to the ongoing Covid-19 pandemic. All parties were aware of the scheduling of A.'s interview and that it would take place during Mother's custody time. Father failed to raise any objection to the context of the interview at any point. Therefore, this issue is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.")

Further, the custody court stated that it was fully aware of the circumstances of the interview and alert to the possibility the circumstances would improperly influence A.'s testimony. However, as the court noted, A.'s stated preference to stay near his school and friends was objectively reasonable. Even if Father had properly preserved this argument, we would conclude it would not merit relief.

Next, Father claims the trial court erred by failing to grant Father's request to appoint a parenting coordinator. Under Pennsylvania Rule of Civil Procedure 1915.11-1, regarding parenting coordination,

[a]fter a final custody order has been entered, a judge may appoint a parenting coordinator to resolve parenting issues in cases involving repeated or intractable conflict between the parties affecting implementation of the final custody order. A parenting coordinator should not be appointed in every case. The appointment may be made on the motion of a party or the court's motion.

Pa.R.C.P. 1915.11-1(a)(1). Father requested that the custody court appoint a parenting coordinator; Mother countered that a coordinator was not necessary if the parties participated in co-parenting counseling. The court sided with Mother and found that a coordinator was not necessary given the parties' agreement to attend co-parenting counseling.

While it is clear there have been repeated conflicts between Mother and Father in implementing the custody order, we nevertheless find the trial court did not err in denying Father's request for a parenting coordinator. Parenting coordinators have a limited scope of authority, and the trial court has discretion whether to appoint a parenting coordinator, as "a parenting coordinator should not be appointed in every case." Here, pursuant to the December 3, 2020 custody order, both Mother and Father agreed to participate in co-parenting counseling for the purpose of reducing the level of conflict. *See* Order, 12/3/2020, at 1, 3.

Father complains that the counseling was not sufficient given Mother's opposition to and obstruction of his custody and visitation rights. While Father's arguments are persuasive, we cannot conclude that the custody court's conclusion on this issue is an abuse of discretion. The court was not unreasonable in expecting the counseling to affect Mother's behavior. If Father feels that the counseling has not had the desired effect on Mother's behavior, he is free to seek further relief in the future.

Finally, Father contends the trial court abused its discretion by failing to sanction Mother for numerous violations of the previous custody order. Specifically, Father argues Mother violated the custody order by either actively allowing A. to violate the custody order, or at least by not forcing A. to follow the custody order.

A court may hold a party in civil contempt for the willful disobedience of a custody order. *See* Pa.R.C.P. 1915.12. Here, the court acknowledged that Mother's position - that the conflict between A. and Father is strictly between them to work out between themselves - is contrary to the agreement between the parties enunciated in the custody order. However, the court found Father did not prove that Mother acted with wrongful intent in not physically forcing A. to see or speak with Father based upon her opinion that the resolution of the conflict between A. and Father would be best achieved between A. and Father themselves. *See* Trial Court Opinion, 1/21/2021, at 10-11.

While once again Father's argument is persuasive, we cannot conclude the custody court erred in refusing to find Mother in contempt. The court was not unreasonable in crediting Mother's testimony that she supports A. following the custody schedule but that she believes she cannot physically force A., at his age, to go to his Father's house against his wishes.

The court is clearly familiar with the parties' long history of contentious litigation. The court did not find Mother in contempt for not enforcing Father's custody time pursuant to the original custody order, but instead found that a modification to the custody order was necessary. The court afforded substantial weight to the children's testimony, specifically A.'s testimony regarding his preference to live near his school and friends, and chose to modify the custody order by awarding physical custody of A. to Mother during the school year. Like the custody court, we do not excuse or condone Mother not following the letter of the custody order. However, the custody court was in the best position to assess the parties' willingness to comply with the custody order. Further, the custody court's method of addressing the issue through modification of the custody order, rather than through a finding of contempt, is not manifestly unreasonable under the circumstances. Accordingly, Father's final issue merits no relief.

As none of Father's issues on appeal merit relief, we affirm the final custody order resolving all issues between Father and Mother.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/13/2021</u>